## Commonwealth *versus* Artman et el

A criminal case cannot be certified to the United States Circuit Court for trial under the 5th section of the act of Congress of March 3, 1863, chap. 81, until indictment has been found in the State court.

This was a prosecution for an assault and battery in the Court of Quarter Sessions of Bucks County, against the defendants, officers of the United States, under the conscription act. The case was certified by the State court on petition of defendants before indictment found.

The prosecution took a rule in the Circuit Court to show cause why the

[Commonwealth ex rel. McLain v. Captain Wright, Provost Marshal.]

case should not be remitted to the State court, and contended that the act of March 3, 1863, was unconstitutional.

Opinion of the court by

GRIER, J.—We feel compelled to grant this motion, but not for any reason alleged by counsel *here*, or brought to the notice of the learned judge of the State court, who certified the record to this court.

The fifth section of the act of Congress of 3d March, 1863, chap. 81, enacts "That if any suit or prosecution has been or shall be commenced in any State court, against any officer, civil or military," &c. &c., "he may file a petition for the removal of the cause for trial at the next Circuit Court of the United States to be holden in the district where the suit is pending," &c.

The petition of the defendants brings their case fully within the provisions of this section, but the removal is premature. The prosecution has not been commenced in the State court. A warrant has been issued by a justice of the peace, and the defendants have been arrested preparatory to the commencement of a prosecution in the State court, but the attorney for the commonwealth has not sent a bill to the grand jury. We do not know, therefore, whether the commonwealth of Pennsylvania intends to prosecute the defendants for the alleged offence, or whether the grand jury will find a bill, without which the prosecution cannot be said to be " commenced in the State court." The act contemplates the removal of a prosecution "pending" that a "trial" may be had in the Circuit Court. If the attorney of the United States were required to send a bill of indictment before a grand jury of the United States court for a breach of the peace of the State, it would present a truly anomalous proceeding. Yet without it there would be no case to try in the Circuit Court. If a bill of indictment had been found in the State court it would have presented such a case—but until this is done there is no case pending in the court of Bucks County, which can be removed to this court for trial.