VIRGINIA *v.* PAUL.

ORIGINAL.

**No. 7.** Original. Submitted January 30, 1893. — Decided March 6, 1893.

Under section 643 of the Revised Statutes, the jurisdiction of the state court is not taken away, until a petition for removal is filed in the Circuit Court of the United States, and a writ of *certiorari* or of *habeas corpus cum causa* issued by the clerk of that court, and served upon the state court or its clerk.

A prosecution of a crime against the laws of a State, which must be prosecuted by indictment, is not commenced, within the meaning of section 643 of the Revised Statutes, before an indictment is found; and cannot be removed into the Circuit Court of the United States by a person arrested on a warrant from a justice of the peace with a view to his commitment to await the action of the grand jury.

Mandamus lies in behalf of a State to compel the remanding to one of its courts of a criminal prosecution there commenced, and of which the Circuit Court of the United States has assumed jurisdiction, at the defendant's suggestion, without due proceedings for removal.

Mandamus does not lie to review an order on a writ of *habeas corpus*, under sections 751–753 of the Revised Statutes, discharging a prisoner from commitment under authority of a State, on the ground of his being in custody for an act done in pursuance of a law of the United States.

THIS was a petition by the Commonwealth of Virginia to this court for a writ of mandamus to the Honorable John Paul, District Judge of the United States for the Western District of Virginia, and holding the Circuit Court of the United States for that district, to command him to remand

to the county court of Smyth County in Virginia an indictment against Joseph H. Carrico for the murder of James M. Nelson, found by the grand jury of the county, and by them returned into the county court, and of which the Circuit Court of the United States had assumed jurisdiction ; and also to command him to restore the body of Carrico to W. D. Wilmore, the jailor of the county, from whose custody he had been taken upon a writ of *habeas corpus* issued by said judge.

Annexed to the petition was a copy of the record of the District Court of the United States in the proceedings for a *habeas corpus*, as well as a copy of the record of the Circuit Court of the United States in the proceedings concerning the indictment.

The record of the District Court set forth the following proceedings : On December 18, 1891, in vacation, Carrico presented to Judge Paul a petition, addressed to him as " Judge of the United States Circuit Court," alleging " that, on December 12, 1891, one Kirk, a justice of the peace of Smyth County, Virginia, issued his warrant in the name of the Commonwealth of Virginia, addressed to constable Scott of the said county, commanding him to arrest your petitioner, and bring his body before said justice for wilfully, premeditatedly and of malice aforethought, killing and murdering one James M. Nelson, in the said county of Smyth, on December 11, 1891; and upon said warrant the said constable Scott did arrest your petitioner, late on Saturday evening, December 12, 1891, and delivered him to W. D. Wilmore, the jailor of Smyth County, Virginia; and your petitioner is now confined in the jail of Smyth County, at Marion, awaiting a trial before said justice upon the said charge of murder." The petition further alleged that no murder was committed, but that the killing was done by the petitioner in self-defence, in the performance of his duty as a deputy of the marshal of the district, acting by and under the authority of the internal revenue laws of the United States, and in attempting to arrest Nelson while violating those laws by having in his possession and selling illicit ardent spirits. " In view of these facts, under section 643 of the Revised Statutes of the United States," the petition prayed that " said

cause may be removed from the jurisdiction of the said Kirk, justice of the peace of said county of Smyth, and from the county court of said county, to the Circuit Court of the United States for the Western District of Virginia, for trial;" that a writ of *habeas corpus cum causa* might be awarded, and a duplicate thereof delivered to the clerk of the county court, and that by virtue thereof the marshal of the district or one of his deputies might take the body of the petitioner into his custody, to be dealt with in the cause according to law, and according to the order of the Circuit Court, or of a judge thereof in vacation; and, "upon the removal of said prosecution, that a copy of the record and proceedings before said justice and by said constable" might be brought into the Circuit Court. The petition was verified by the oath of the petitioner, taken before a United States commissioner on December 12; and annexed to it was a certificate of counsel of the same date, in the form required by said section of the statutes.

Upon that petition, and on the same day, Judge Paul made an order, entitled "In the District Court of the United States for the Western District of Virginia, in vacation," and signed by him as District Judge, granting a writ of *habeas corpus* in common form to the jailor, returnable before him on December 23, at Abingdon.

On December 19, that petition was filed, and the order granting the writ of *habeas corpus* recorded, in the clerk's office of the District Court, and the writ was issued accordingly, tested by Judge Paul as judge of the District Court, and under its seal.

On December 22, the writ of *habeas corpus*, as appeared by the marshal's return thereon, was executed by delivering copies thereof to the jailor, and to the clerk of the county court.

On December 23, at a special term of the District Court, held at Abingdon, the jailor brought in the body of Carrico; and returned that the causes of his detention were a warrant of commitment, a copy of which, marked Exhibit A, was annexed to and made part thereof, "and the proceedings of the county court of Smyth and Commonwealth of Virginia, marked Exhibit B, and made part and parcel of this return."

Tho only exhibit annexed to the jailor's return was marked Exhibit A, and was as follows :

" Virginia, Smyth County, to wit : To William Scott, constable of said county, and to the keeper of the jail of said county:

" These are to command you, the said constable, in the name of the Commonwealth of Virginia, forthwith to convey and deliver into the custody of the keeper of said jail, together with the warrant, the body of Joseph H. Carrico, charged before me, John J. Kirk, a justice of the said county, on the oath of R. W. Nelson, with a felony by him committed, in this, that the said Joseph H. Carrico, on the 11th day of December, 1891, in the said county, feloniously and of his malice did kill and murder one James M. Nelson ; and you, the said keeper of the said jail, are hereby required to receive the said Joseph H. Carrico into your jail and custody, that he may be examined for the said offence by the county court of the said county, and him there safely keep until he shall be discharged by due course of law. Given under my hand and seal this, the 14th day of December, 1891.

"JOHN J. KIRK, *J. P.*"

The prisoner was thereupon admitted to bail with sureties for his appearance on January 8, 1892, and the case was continued to that day, and again to January 9, when the jailor was permitted by the court to amend his return by adding Exhibit B, therein referred to, which was a transcript of an indictment against Carrico for the murder of Nelson, returned into the county court by a grand jury of the county on December 21, and of an order made the same day by that court, directing that Carrico, who had been removed to the jail of another county for safekeeping, be conveyed by the sheriff to the jail of Smyth County, that he might be tried in the county court on the indictment. This transcript appeared to have been certified by the county clerk cn January 7, and was endorsed by the clerk of the District Court of the United States as filed in that court on May 17, 1892.

The case was continued from January 9 to January 12,

when the District Court, held by Judge Paul, made the following order:

"In this cause, the court having heard the testimony introduced on behalf of the petitioner, as well. as that introduced on behalf of the respondent, W. D. Wilmore, sheriff of Smyth County, Virginia, and the arguments of counsel for the petitioner and respondent, and it appearing to the court that the petitioner is in custody for an act done in pursuance of a law of the United States, and is held in custody contrary to law by the jailor of Smyth County, Virginia, and that he has a right to have removed into the Circuit Court of the United States for the Western District of Virginia the prosecution pending against him in the county court of Smyth County, Virginia: It is therefore ordered that the petitioner be recognized in the sum of one thousand dollars for his appearance before the Circuit Court for this district on the first day of the next regular term thereof, to answer the indictment found against him by a grand jury of the county court of Smyth County, Virginia." Thereupon Carrico entered into a recognizance accordingly. The record set forth the testimony introduced at that hearing, as well as the opinion then delivered, and published in 51 Fed. Rep. 196.

On May 14, 1892, the jailor moved the District Court to amend its order of January 12, so as to allow him an appeal to this court; and to certify that the question of the jurisdiction of the District Court to hear and determine the writ of *habeas corpus* in the manner it did was alone involved and to be reviewed. The motion was granted, upon the grounds that the order of January 12, taking the petitioner from the custody of the respondent, and holding him to answer to the indictment in the United States Court, was a final order, from which the respondent might appeal to this court, as if it had been an order for the absolute discharge of the prisoner from his custody; and that the writ of *habeas corpus* was not merely ancillary to the petition for the removal, under section 643 of the Revised Statutes, of the prosecution of Carrico by the State of Virginia, but was a distinct and different proceeding, in a different court, and under a different statute, and

was not issued by the clerk, as provided in that section, but by the District Judge, and on December 18, 1891, "whereas," the judge said, "the petition for removal, as shown by record evidence used in the discussion of this motion, was not filed in the clerk's office of the Circuit Court until December 19, 1891." His opinion on this motion is in the record, and is published in 51 Fed. Rep. 200. The appeal from the order of January 12 does not appear to have been prosecuted.

The copy of the record of the Circuit Court of the United States, annexed to the petition for a mandamus, was of the proceedings at the regular May term 1892 of that court, at Abingdon, held by Judge Paul, in the case entitled "Commonwealth of Virginia v. Joseph H. Carrico, Indictment for murder from Smyth County court;" and began, under date of Saturday, May 14, with the following memorandum:

"Be it remembered that heretofore the said Joseph H. Carrico presented a petition for the removal of the case aforesaid, and herein charging him with the murder of James M. Nelson, from the county Court of Smyth County, Virginia, to the Circuit Court of the United States for the Western District of Virginia, at Abingdon, Virginia, (and for a writ of *habeas corpus*,) to the Judge of the District Court of the United States for the Western District of Virginia; and upon return of W. D. Wilmore, jailor of Smyth County, Virginia, and upon the hearing of the evidence and arguments of counsel, an order was entered in the said District Court of the United States for the Western District of Virginia, on January 12, 1892, removing the said prosecution of the Commonwealth of Virginia v. Joseph H. Carrico into the Circuit Court of the United States for the Western District of Virginia, in the Fourth Circuit, at Abingdon, Virginia, for further proceedings and trial; and said indictment, with the endorsements thereon, is in the words and figures following, viz:"

Then followed a copy of the indictment, with the endorsement "a true bill," by the foreman of the grand jury, and also endorsed as "a transcript from the record," by the clerk of the county court. The record of the Circuit Court further showed that on May 14 the attorney general of Virginia and

the county attorney came in, and that the prisoner appeared, as required by his recognizance, was arraigned upon the indictment, pleaded not guilty, was tried by a jury, and on Monday, May 16, found guilty of voluntary manslaughter; and that on May 17 the court, upon his motion, set aside the verdict and granted a new trial, continued the case to the next term, and admitted him to bail upon his own recognizance.

Upon motion of the Commonwealth of Virginia on the first day of this term, and before any further proceedings were had in the Circuit Court, this court gave leave to file the petition for a mandamus, and granted a rule to Judge Paul to show cause why a writ of mandamus should not issue as prayed for.

The judge, in his return to the rule, referred to the petition for removal and for a writ of *habeas corpus*, and the proceedings concerning the *habeas corpus* and those upon the indictment, as appearing in the copies of records annexed to the petition for a mandamus; set forth the grounds of his action substantially as in his opinions above mentioned; and specifically stated that the writ of *habeas corpus* was issued, not under section 643 of the Revised Statutes, but under section 753, which authorizes the writ when a prisoner "is in custody for an act done or omitted in pursuance of a law of the United States."

It was alleged in the petition for a mandamus, and in the brief for the petitioner, and was not denied in the judge's return, or in the brief of his counsel, that when the case of the indictment was called for trial in the Circuit Court of the United States, a motion was made by the Commonwealth of Virginia to remand the case to the county court, because the Circuit Court had no jurisdiction over the crime charged in the indictment, and because the removal of the prosecution from the county court was not authorized by law, but was contrary to the constitution and laws of Virginia, and to the Constitution and laws of the United States; and that this motion was denied by the Circuit Court.

*Mr. R. Taylor Scott*, Attorney General of the State of Virginia, for the petitioner.

. *Mr. Assistant Attorney General Maury* opposing.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The prosecution and punishment of crimes and offences committed against one of the States of the Union appropriately belong to the courts and authorities of the State, and can be interfered with by the Circuit Court of the United States so far only as Congress, in order to maintain the supremacy of the Constitution and laws of the United States, has expressly authorized either a removal of the prosecution into the Circuit Court of the United States for trial, or a discharge of the prisoner by writ of *habeas corpus* issued by that court or by a judge thereof. *Tennessee* v. *Davis*, 100 U. S. 257; *Virginia* v. *Rives*, 100 U. S. 313; *Davis* v. *South Carolina*, 107 U. S. 597; *In re Neagle*, 135 U. S. 1; *Huntington* v. *Attrill*, 146 U. S. 657, 672, 673.

In the case at bar, Joseph H. Carrico, having been arrested under a warrant from a justice of the peace of the county of Smyth on a charge of murder, was discharged by the District Judge on writ of *habeas corpus* from the commitment under state process; and having afterwards been indicted by the grand jury of the county for that offence, and committed by order of the county court for trial upon the indictment, the prosecution against him was assumed to have been removed into the Circuit Court of the United States for trial, and was there tried.

The State of Virginia, by petition for a writ of mandamus, questions the validity both of the removal and of the discharge, and it will be convenient to consider the two separately, beginning with the removal.

It is contended by the respondent that the prosecution was rightly removed into the Circuit Court of the United States under section 643 of the Revised Statutes, (the constitutionality of which was affirmed in *Tennessee* v. *Davis*, and in *Davis* v. *South Carolina*, above cited,) authorizing the removal into the Circuit Court of the United States for trial of "any

civil suit or criminal prosecution " " commenced in any court of a State against any officer appointed under or acting by authority of any revenue law of the United States, now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office, or of any such law, or on account of any right, title or authority claimed by such officer or other person under any such law."

It is important, therefore, to consider whether the conditions of that section have been complied with.

By that section, it is only when the suit or prosecution has been " commenced in any court of a State," and " at any time before the trial or final hearing thereof," that it " may be removed for trial into the Circuit Court," " upon the petition of such defendant to said Circuit Court, and in the following manner : " The petition must set forth the nature of the suit or prosecution, and be verified by affidavit, and supported by certificate of counsel. It " shall be presented to the said Circuit Court, if in session, or if it be not, to the clerk thereof at his office, and shall be filed in said office." " The cause shall thereupon be entered on the docket of the Circuit Court, and shall proceed as a cause originally commenced in that court." The clerk of the Circuit Court is required, when the case is commenced in the state court otherwise than by capias, to issue a writ of *certiorari* to the state court for the record ; and, when it is commenced by capias, to " issue a writ of *habeas corpus cum causa,* a duplicate of which shall be delivered to the clerk of the state court or left at his office by the marshal ; " " and thereupon it shall be the duty of the state court to stay all further proceedings in the cause, and the suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be held to be removed to the Circuit Court, and any further proceedings, trial or judgment therein in the state court shall be void."

The removal of the case out of the jurisdiction of the state court and into the exclusive jurisdiction of the Circuit Court of the United States takes place, without any order of the Circuit Court, as soon as the state court, by the service upon it, or

upon its clerk, of the appropriate process, whether *certiorari* or *habeas corpus cum causa,* has notice of the filing of the petition in the Circuit Court. But it is only after such formal notice has been given, that the jurisdiction is transferred from the state court to the national court. The proceedings under this section differ from those under section 641, in which the petition for removal is required to be filed in the state court, and is of itself notice to that court, and therefore, " upon the filing of such petition, all further proceedings in the state court shall cease," and, if the petition shows a sufficient ground for removal, the case is in legal effect removed. *Virginia* v. *Rives,* 100 U. S. 313, 316. But under either section the jurisdiction of the state court is not taken away until it has notice, in one form or other, of the petition for removal; under section 641, by the petition filed in that court; under section 643, by notice from the clerk of the Circuit Court of the petition there filed.

The records of the District Court and of the Circuit Court, copies of which are annexed to the petition for a mandamus, present a curious and complicated condition of things, in which some of the confusion may be owing to the facts, that not only is the District Judge a judge of either court, but that in the Western District of Virginia both courts are held at the same times and places and have the same clerk. Rev. Stat. §§ 572, 609, 622, 658; Act of September 25, 1890, c. 922, 26 Stat. 474.

The petition for removal, praying also for a writ of *habeas corpus cum causa,* was evidently framed under section 643 of the Revised Statutes, and was addressed to the District Judge as " Judge of the United States Circuit Court; " and it is said, in his opinion delivered on allowing an appeal to this court from his order of January 12 upon the *habeas corpus,* that " the petition for removal, as shown by record evidence used in the discussion of this motion, was not filed in the clerk's office of the Circuit Court until December 19, 1891." 51 Fed. Rep. 202.

But that record evidence, all of which is in the record now before us, shows only that the petition was filed in the clerk's

office of the District Court on that day, being the same day on which the order granting the writ of *habeas corpus* was recorded in, and the writ issued from, that office. Indeed, the very ground assigned by the judge in his opinion, just referred to, for allowing an appeal from his order on the *habeas corpus*, was that the writ of *habeas corpus* issued by him was not ancillary to the petition for a removal, nor issued by the clerk of the Circuit Court as provided in that section; his return to this petition for a mandamus expressly states that it was not issued under section 643, but under section 753; and the memorandum, inserted at the beginning of the record of the proceedings in the Circuit Court on the indictment, describes that order as an order of the District Court, removing the prosecution of the Commonwealth of Virginia against Carrico into the Circuit Court.

The single petition, addressed to Judge Paul as Judge of the Circuit Court, and praying for a removal of the cause into that court, and for a writ of *habeas corpus cum causa* to complete the removal, (which, so far as appears on the records of either court, was the only petition, either for a removal or for a *habeas corpus*,) appears to have been treated by the judge as if it had been, or had included, two separate petitions; the one a petition for an ordinary writ of *habeas corpus*, under section 753, which might be granted by the District Court or District Judge; the other a petition for a removal of the cause, under section 643, which could only be addressed to and filed in the Circuit Court.

If the petition for removal had been duly filed in the Circuit Court of the United States, and a writ of *habeas corpus cum causa* had been duly issued by the clerk of that court, and served on the clerk of the county court, no order of removal would have been necessary. If the petition was not so filed, and neither such a writ of *habeas corpus*, nor a writ of *certiorari* to bring in the record, was so issued and served, no order, even of the Circuit Court, for the removal of the cause, could have any effect. In any aspect, the District Court had no authority to order the prosecution to be removed into the Circuit Court.

The inference appears to be inevitable that the only foundation of the exercise of jurisdiction by the Circuit Court over this indictment was a petition filed in the District Court and orders made and recorded in that court; and that no petition for removal was ever filed in the clerk's office of the Circuit Court, and no writ of *certiorari* or *habeas corpus cum causa* was ever issued by the clerk, as clerk of that court, and served on the state court, as required by section 643 of the Revised Statutes, in order to take away the jurisdiction of the state court.

But there is a more serious objection to the exercise of jurisdiction by the Circuit Court of the United States over the indictment found in the state court.

By the law of Virginia, murder or other felony must be prosecuted by indictment found in the county court; and a justice of the peace, upon a previous complaint, can do no more than to examine whether there is good cause for believing that the accused is guilty, and to commit him for trial before the court having jurisdiction of the offence. Virginia Code of 1887, §§ 3990, 4016, 3955–3971.

The petition for removal, which was sworn to on December 12, 1891, alleged that Kirk, a justice of the peace of Smyth County, had that day issued his warrant to a constable to arrest the petitioner and bring him before the justice on a charge of the murder of Nelson, and that the petitioner had been arrested by the constable on that warrant, and was now confined in the county jail, as the petition alleged, "awaiting a trial before said justice upon the said charge of murder," which can only mean an examination before the justice with a view to a commitment to await the action of the grand jury; and prayed that "said cause" might be removed from the jurisdiction of the justice and of the county court into the Circuit Court of the United States for trial, and, "upon the removal of said prosecution, that a copy of the record and proceedings before said justice and by said constable" might be brought into the Circuit Court.

When that petition was signed and sworn to, there had been no proceedings, except before the justice of the peace and by

the constable ; there was no case pending in the county court, and the justice had not even committed the prisoner to await the action of that court ; and no indictment was found, or other action taken, in the county court, until after the petition had been filed in the Federal court.

By the terms of section 643, it is only after " any civil suit or criminal prosecution is commenced in any court of a State," and " before the trial or final hearing thereof," that it can " be removed for trial into the Circuit Court next to be holden in the district where the same is pending," and "shall proceed as. a cause originally commenced in that court.".

Proceedings before a magistrate to commit a person to jail, or to hold him to bail, in order to secure his appearance to answer for a crime or offence, which the magistrate has no jurisdiction himself to try, before the court in which he may be prosecuted and tried, are but preliminary to the prosecution, and are no more a commencement of the prosecution, than is an arrest by an officer without a warrant for a felony committed in his presence.

We are aware that under this section the opposite view has prevailed in some cases in the Circuit Courts. *Georgia* v. *Port*, 4 Woods, 513 ; *Georgia* v. *Bolton*, 11 Fed. Rep. 217 ; *North Carolina* v. *Kirkpatrick*, 42 Fed. Rep. 689. But the only authorities there cited, which afford any color for that conclusion, were English decisions that the preliminary arrest upon the warrant of a justice of the peace took a case out of the statute of limitations, defining the time after the commission of the offence within which " the prosecution shall be commenced." *Rex* v. *Willace*, 1 East P. C. 186 ; *The Queen* v. *Brooks*, 1 Denison, 217 ; *S. C.* 2 Car. & K. 402. The question whether the government has taken such action, as will stop the running of a statute of limitations, is quite different from the question when a prosecution can be deemed to be commenced, within the meaning of the acts of Congress authorizing removals from the state courts into the courts of the United States for trial.

A grand jury, whether of the State or of the United States, is empanelled and sworn to inquire into and present offences

against that government only, under whose authority it is summoned. Story on the Constitution, § 1784. The grand jury summoned and empanelled under the authority of a State is the only appropriate body to inquire into any offence against the State, and to find or to ignore an indictment therefor. The duty of the grand jury attending a court of the United States is limited to inquiring into and presenting offences against the laws of the United States, and its proper advisers in matters of law are the court and the attorney of the United States.

In a criminal case removed from the state court into the Circuit Court of the United States after indictment found, the Circuit Court of the United States tries the case upon the accusation presented by a grand jury of the State, and framed with the assistance of the law officers of the State. *Tennessee* v. *Davis,* 100 U. S. 257, 271.

But if a person arrested to await the finding of an indictment may remove the case before an indictment is found, the accusation is not framed and presented by the officers and the grand jury of the State whose criminal law has been violated, but by the officers and grand jury of another government; and the Circuit Court of the United States has not only to try the defendant, but also to charge its own grand jury as to the accusation against him on behalf of the State; and this too in a case in which the very ground of removal into the Circuit Court is the defendant's suggestion that he needs the protection of the Constitution and laws of the United States against the prosecution by the State.

We cannot believe that such was the intention of Congress in the statutes enacted to secure a fair and impartial trial between the State seeking to vindicate its public justice, on the one hand, and a defendant claiming the protection of the Constitution and laws of the United States, on the other.

In any case falling within the purview of the acts of Congress, the defendant is adequately protected against danger of unlawful oppression from the courts or authorities of the State, by the right to remove it into the Circuit Court of the United States, as soon as a prosecution has been commenced

against him; and by the right to apply to any court or judge of the United States for a writ of *habeas corpus* under sections 751–753, whenever he "is in custody for an act done or omitted in pursuance of a law of the United States."

The true rule on this subject, as it appears to us, was forcibly and accurately expressed by Mr. Justice Grier, in a case removed from the court of quarter sessions of Bucks County in the State of Pennsylvania, before indictment found, into the Circuit Court of the United States for the Eastern District of Pennsylvania, under the act of Congress of March 3, 1863, c. 81, § 5, (12 Stat. 756,) since incorporated in section 641 of the Revised Statutes, and which, though differing from the statute now in question in requiring the petition for removal to be originally filed in the state court, yet, in substantial accord with this statute, provides that, "if any suit or prosecution, civil or criminal, has been or shall be commenced in any state court against any officer, civil or military, or against any other person," for any such act as is therein described, done by virtue or under color of authority of the United States, the defendant may file a petition "for the removal of the cause for trial at the next Circuit Court of the United States to be holden in the district where the suit is pending." Mr. Justice Grier, after quoting these words, ordered the case to be remanded to the state court, for the following reasons: "The petition of the defendants brings their case fully within the provisions of this section, but the removal is premature. The prosecution has not been commenced in the state court. A warrant has been issued by a justice of the peace, and the defendants have been arrested preparatory to the commencement of a prosecution in the state court, but the attorney for the Commonwealth has not sent a bill to the grand jury. We do not know, therefore, whether the Commonwealth of Pennsylvania intends to prosecute the defendants for the alleged offence, or whether the grand jury will find a bill, without which the prosecution cannot be said to be 'commenced in the state court.' The act contemplates the removal of a prosecution 'pending' that a 'trial' may be had in the Circuit Court. If the attorney of the United States were required to send a

bill of indictment before a grand jury of the United States court for a breach of the peace of the State, it would present a truly anomalous proceeding. Yet, without it there would be no case to try in the Circuit Court. If a bill of indictment had been found in the state court, it would have presented such a case; but, until this is done, there is no case pending in the court of Bucks County, which can be removed to this court for trial." *Commonwealth* v. *Artman*, 3 Grant, 436; *S. C.* 5 Phila. 304.

It appearing upon the face of the petition for removal, as well as by the copies of records laid before this court, that no prosecution had been commenced in the state court, within the meaning of section 643 of the Revised Statutes, when the petition for removal was drawn up and sworn to, nor even when it was filed in the Federal court, the prosecution subsequently commenced by the presentment of an indictment in the state court was never lawfully removed into the Circuit Court of the United States; for, in all cases of removal from the state courts, the jurisdiction of the Circuit Court of the United States rests and depends upon the statements made in the petition for removal, and verified by the oath of the petitioner. *Virginia* v. *Rives*, 100 U. S. 313, 316; *Crehore* v. *Ohio & Mississippi Railway*, 131 U. S. 240; *Graves* v. *Corbin*, 132 U. S. 571, 590.

The result is that the Circuit Court of the United States has, without authority of law, assumed jurisdiction of an indictment found in the courts of the State of Virginia for a crime against the laws of the State, and that the State is entitled to have the prosecution remanded to its courts to be there dealt with according to law. For aught that appears on this record, the State is not bound to commence or to carry on the prosecution in the courts of another government, but is entitled to resume its own rightful jurisdiction and authority, and to try the offender in its own courts. If the case should be allowed to proceed in the Circuit Court of the United States, and should finally result in an acquittal of the charge, in whole or in part, the State could not have a writ of error to review the judgment. *United States* v. *Sanges*, 144 U. S.

310. A stronger case for issuing a writ of mandamus can hardly be imagined. The writ may be directed to the judge who has unlawfully assumed jurisdiction of the prosecution; and no previous motion to him to remand the case was neces-sary. The case is governed in every particular by *Virginia* v. *Rives*, 100 U. S. 313, 316, 323, 324.

If any delay on the part of the State, in a case of this kind, could justify a denial of the writ of mandamus, no unreasonable delay is here shown. So far as appears by the copies of records submitted to us by both parties, the Circuit Court of the United States first took jurisdiction of the indictment on Saturday, May 14, 1892. It is alleged by the petitioner, and not denied by the respondent, (although the fact does not appear of record,) that on that day a motion to remand the case to the state court was made by the State, and denied by the Circuit Court. The accused was found guilty of voluntary manslaughter on Monday, May 16, the very day on which October term 1891 of this court was finally adjourned. On the next day, the District Judge set aside the verdict, continued the case to October term 1892 of the Circuit Court, and admitted the accused to bail on his own recognizance. On the first day of the present term of this court, and before any further proceedings in the Circuit Court, the State applied to this court for leave to file the petition for a mandamus.

The necessary conclusion is that the State of Virginia is entitled to a writ of mandamus to compel the respondent to remand the indictment and prosecution against Carrico to the county court in which the indictment was found.

The matter of the discharge of the prisoner by the District Judge upon the writ of *habeas corpus* may be more briefly disposed of. If that writ had been a writ of *habeas corpus cum causa*, issued by the clerk of the Circuit Court, as ancillary to a removal of the prosecution into that court, under section 643, the remanding of the cause would carry with it the right to the custody of the prisoner. But being, as appears by the records annexed to the petition for a mandamus, as well as by the return to the rule to show cause, an ordinary writ of *habeas corpus*, issued by the District Judge upon the ground

that the prisoner was in custody for an act done in pursuance of a law of the United States, the question whether good cause was shown for his discharge was to be judicially determined by the judge, in the exercise of the jurisdiction vested in him by sections 751–753 of the Revised Statutes. His determination might have been reviewed, on the facts as well as the law, by appeal. Rev. Stat. §§ 763–766; Acts of March 3, 1885, c. 353, 23 Stat. 437; March 3, 1891, c. 517, §§ 5, 6, 26 Stat. 827, 828; *In re Neagle,* 135 U. S. 1; *Horner* v. *United States,* 143 U. S. 570, 576. But it cannot be reviewed or controlled by writ of mandamus. *Ex parte Schwab,* 98 U. S. 240; *Ex parte Perry,* 102 U. S. 183; *Ex parte Morgan,* 114 U. S. 174; *Ex parte Morrison,* 147 U. S. 14, 26.

It follows that, as to the discharge on the writ of *habeas corpus,* no order can properly be made upon this petition; but that, for the reasons above stated, there must be a

*Writ of mandamus to remand the indictment and prosecution of the Commonwealth of Virginia against Joseph H. Carrico to the county court of Smyth County.*