COMMONWEALTH OF VIRGINIA v. BINGHAM et al.

(Circuit Court, W. D. Virginia. July 27, 1898.)

REMOVAL OF CAUSES—PROSECUTIONS BEFORE JUSTICE OF PEACE—ACTS DONE UNDER FEDERAL REVENUE LAWS.

A prosecution brought before a justice of the peace for a nonindictable misdemeanor is removable to a federal court, under Rev. St. § 643, when the act charged was done by defendant under authority of a federal revenue officer, acting under color of his office. Virginia v. Paul, 13 Sup. Ct. 536, 148 U. S. 107, distinguished.

The Attorney General of Virginia, for plaintiff.
T. M. Alderson, U. S. Atty., for defendants.

PAUL, District Judge. This case was removed from a court held by a justice of the peace of Franklin county, Va., into this court, on the petition of the defendants. The petition was filed under the provisions of section 643 of the Revised Statutes of the United States, which provides as follows:

"Sec. 643. When any civil suit or criminal prosecution is commenced in any court of a state against any officer appointed under or acting by authority of any revenue law of the United States now or hereafter enacted, or against any person acting under or by authority of any such officer, on account of any act done under color of his office or any such law, or on account of any right, title, or authority claimed by such officer or other person under such law, * * * the said suit or prosecution may, at any time before the trial or final hearing thereof, be removed for trial into the circuit court next to be holden in the district where the same is pending, upon the petition of such defendant to said circuit court, and in the following manner. Said petition shall set forth the nature of the suit or prosecution, and be verified by affidavit; and, together with a certificate signed by an attorney or counsellor at law of some court of record of the state where such suit or prosecution is commenced, or of the United States, stating that, as counsel for the petitioner, he has examined the proceedings against him, and carefully enquired into all the matters set forth in the petition, and that he believes them to be true, shall be presented to the said circuit court, if in session, or, if it be not, to the clerk thereof at his office, and shall be filed in said office. The cause shall thereupon be entered upon the docket of the circuit court and shall proceed as a cause originally commenced in that court: but all bail and other security given upon such suit or prosecution shall continue in like force and effect as if the same had proceeded to final judgment and execution in the state court. When the suit is commenced in the state court by summons, subpœna, petition, or any other process except capias, the clerk of the circuit court shall issue a writ of certiorari to the state court requiring it to send to the circuit court the record and proceedings in the cause. When it is commenced by capias, or by any other similar form of proceeding by which a personal arrest is ordered, he shall issue a writ of habeas corpus cum causa, a duplicate of which shall be delivered to the clerk of the state court, or left at his office, by the marshal of the district, or his deputy, or by some person duly authorized thereto; and thereupon it shall be the duty of the state court to stay all further proceedings in the cause, and the suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be held to be removed to the circuit court, and any further proceedings, trial, or judgment therein in the state court shall be void. * * *"

The petition for removal alleges, in substance, that one Thomas Felts was an officer of the United States, to wit, a deputy collector of internal revenue in the Sixth district of Virginia; that petitioners

88 F.—36

were acting as part of a posse under the control of the said Felts; and that, while said Felts was in the actual discharge of his official duties, he and the petitioners were attacked and fired upon from ambush by persons supposed to be in sympathy with, and who were defending, violators of the internal revenue laws; that petitioners returned the fire in self-defense; that, during the firing, the petitioner Fitzwater was wounded, and the horses of petitioners were shot several times; that during the firing several hundred shots were exchanged; that there were some cattle in the vicinity of the firing; and that, while petitioners have no knowledge that any injury was done to said cattle by the promiscuous firing which took place, "one R. D. Allen has made complaint and information on oath before Samuel Via, a justice of the peace of Franklin county, Virginia, charging them with cruelty to animals, under the statute of Virginia, and further charging that said cattle had been shot by petitioners, and have died."

Following is the warrant issued by said Samuel Via, justice of the peace of Franklin county, Va., on said complaint and information, on oath of said R. D. Allen:

"Commonwealth of Virginia, Franklin County, to wit:

"To G. C. McAlexander, Constable of said County:

"Whereas, R. D. Allen, of said county, has this day made complaint and information on oath before me, Samuel Via, a justice of the peace of said county, that Thomas Bingham and Geo. S. Fitzwater, on the 18th day of July, 1896, in the said county, did unlawfully, but not feloniously, injure, maim, and disfigure two cows, by shooting and killing of them, the property of the said R. D. Allen, against the peace and dignity of the commonwealth of Virginia: These are, therefore, in the name of the commonwealth, to command you forthwith to apprehend and bring before me, or some other justice of the said county, the bodies of the said Thomas Bingham and Geo. S. Fitzwater, to answer the said complaint, and to be further dealt with according to law.

"Given under my hand and seal, this the 18th day of July, 1896.

"Samuel Via, J. P."

The petitioners further allege that they have been arrested under the said warrant, and are held under bail, to answer the same before a justice of the peace of said Franklin county. They further allege that the prosecution aforesaid against them was begun for an act done while they were under the command of said Felts, who was acting under color of his office of deputy collector, and they pray that the prosecution against them be removed into this court. On the filing of this petition with the clerk of the circuit court, the clerk issued a writ of habeas corpus cum causa, directed to the justice of the peace who had issued the warrant of arrest for the petitioners; and the justice, in obedience to said writ, stopped all further proceedings in the case, and forwarded the original papers in the case to the clerk of this court, and the case was docketed here. The commonwealth of Virginia moves to remand the case to the justice of Franklin county, Va., before whom it was pending when the petition was filed, on the following grounds:

First. That section 643 of the Revised Statutes of the United States, providing for the removal of prosecutions from a state court into the circuit court of the United States, contemplates only prosecutions

pending in a court of record; that this is shown by the following provisions of the statute:

"When the suit is commenced in the state court by summons, subpœna, petition, or any other process except capias, the clerk of the circuit court shall issue a writ of certiorari to the state court requiring it to send to the circuit court the record and proceedings in the cause. When it is commenced by capias, or by any other similar form of proceeding by which a personal arrest is ordered, he shall issue a writ of habeas corpus cum causa, a duplicate of which shall be delivered to the clerk of the state court, or left at his office, by the marshal of the district, or his deputy, or by some person duly authorized thereto; and thereupon it shall be the duty of the state court to stay all further proceedings in the cause, and the suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be held to be removed to the circuit court, and any further proceedings, trial, or judgment therein in the state court shall be void."

It is insisted that, as a court held by a justice of the peace in Virginia has no clerk, and is not a court of record, a prosecution such as this, which is a misdemeanor under the laws of Virginia, cannot be removed into this court. It is also urged that a proceeding is not "commenced," as the statute (section 643) contemplates, until an indictment has been found by a grand jury in the state court. It is urged that not only was there no indictment found in the state court at the time of the filing of the petition in this case, but that no indictment could be found in the courts of the state of Virginia on a charge such as is made by the warrant issued by the justice of the peace.

The act of the legislature of Virginia abolishing indictment by a grand jury in cases of misdemeanor, such as is charged in this case, provides that:

"The several police justices and justices of the peace, in addition to the jurisdiction exercised by them as conservators of the peace, shall have exclusive original jurisdiction of all misdemeanor cases occurring within their jurisdiction, in all of which cases the punishment may be the same as the county or corporation courts are authorized to impose. * * *"

Prior to the passage of this act, misdemeanors (to which class of offenses the offense in the warrant issued by the justice in this case belongs) were indictable by a grand jury. The statute quoted changed the law of Virginia in this respect, and now it is not required that an offense of the grade here charged shall be submitted to a grand jury for investigation as the basis of a prosecution and trial by a jury. If the position of the counsel for the commonwealth of Virginia be correct, then the provisions of section 643 of the Revised Statutes of the United States relative to the removal of prosecutions from a state court into a federal court are in great part rendered of no effect by the Virginia statute. If this contention be sound, no officer appointed under or acting by the authority of any revenue law of the United States against whom a prosecution has been commenced in a state court of Virginia is entitled to the protection contemplated by the United States statute, unless he shall have first been indicted by a grand jury in a court of record in that state. Under this view of the law, a court held by a justice of the peace in Virginia not being a court of record (4 Minor, Inst. 160), not having the machinery of a

grand jury with which to commence a prosecution, no removal of a prosecution pending therein can be had, under the provisions of section 643 of the Revised Statutes of the United States. To give the statute the construction here contended for would be to admit that the state of Virginia can, by an act of its legislature, practically repeal it as to this state by simply enlarging the jurisdiction of a court not of record, and by abolishing the action of a grand jury in all criminal cases, and substituting therefor some other mode of commencing a prosecution.

In support of the position taken by counsel that a criminal case arising under section 643 cannot be removed into this court where no indictment has been found in the state court, the case of Virginia v. Paul, 148 U. S. 107, 13 Sup. Ct. 536, is cited as a decisive authority. That was a case where a deputy marshal had been arrested on a warrant issued by a justice of the peace charging him with murder, and he was held in custody awaiting an investigation before the justice who issued the warrant. On petition of the prisoner, the case was removed into the circuit court before an indictment had been found in the state court. The supreme court held (syllabus):

"A prosecution of a crime against the laws of a state, which must be prose-cuted by indictment, is not commenced, within the meaning of section 643 of the Revised Statutes, before an indictment is found, and cannot be removed into the circuit court of the United States by a person arrested on a warrant from a justice of the peace, with a view to his commitment to await the action of the grand jury."

The case at bar not being a crime against the laws of the state of Virginia which must be prosecuted by indictment, the holding of the supreme court in that case is not applicable to this. While the language of the statute (section 643) contemplates that the prosecution will be commenced in a state court of record, to give it that construction would render abortive the effort of congress to accomplish the manifest purpose of the statute. The law of congress is constitutional, its object is clear, and the intention of the lawmaking power unmistakable. In such case, the law, if possible, must be so construed as to give effect to the purpose of its enactment. The object of the law was to protect the officers of the United States government in the collection of the internal revenues, and in the enforcement of the internal revenue laws, against unjust and prejudicial prosecutions in the state courts; and whether the prosecution is commenced by indictment in a court of record, or by the issuance of a warrant of arrest on which the officer is to be tried by a justice of the peace, he is entitled to the protection secured him by this law. When the petition for removal in this case was filed with the clerk, he pursued the proper course in issuing a writ of habeas corpus cum causa, directed to the justice of the peace before whom the prosecution was pending. The case is properly in this court, and the motion to remand will be overruled.