## UNITED STATES v. SCHWARTZ.

### (District Court, N. D. Iowa, E. D. April 2, 1918.)

### No. 4271.

Costs ⬬304—Examination Before Commissioner.

In view of Rev. St. § 1014 (Comp. St. 1916, § 1674), declaring that a hearing before a commissioner or other magistrate shall be at the expense of the United States, defendant, against whom costs of the prosecution were assessed pursuant to section 974 (section 1615), cannot be charged with the costs of his preliminary examination before the United States commissioner; the amendment of Rev. St. §§ 5399, 5406, by Criminal Code (Act March 4, 1909, c. 321) §§ 135, 136, 35 Stat. 1113 (Comp. St. 1916, §§ 10305, 10306), so as to include a United States commissioner, within the purview of the acts providing for the punishment of persons intimidating witnesses before any courts, etc., not making the commissioner a court.

Walter L. Schwartz was convicted of a violation of the White Slave Traffic Act. On motion to tax against defendant the costs upon the commissioner's hearing in the preliminary examination. Motion denied.

The defendant was indicted for a violation of the White Slave Traffic Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1916, §§ 8812–8819]), and upon arraignment pleaded guilty thereto and was sentenced to imprisonment for 2½ years and to pay the costs of the prosecution. The United States attorney thereupon filed a motion to tax against defendant, as part of the costs, "all costs of the prosecution, the same to include the costs upon the commissioner's hearing in the preliminary examination," wherein the defendant was held under bail to appear before the grand jury, in default of which he was committed to jail to await the action of the grand jury.

F. A. O'Connor, U. S. Atty., of New Hampton, Iowa.

REED, District Judge (after stating the facts as above). The government has filed an elaborate brief in support of its contention that, under section 974 of the Revised Statutes, the costs upon the preliminary hearing of a person before a United States commissioner held to appear before the grand jury, are taxable as a part of the costs of the prosecution if the defendant is convicted, and should be included in the judgment against him upon his conviction. Such has not been the practice in this district since its creation.

This question was before Judge Trieber in United States v. Briebach (D. C.) 245 Fed. 204, where, upon a careful consideration of the statute and applicable authorities, he held that such costs were not a part of the prosecution of the defendant, and were not properly taxable, and ordered them excluded from the taxation of costs in that case, where they had been taxed by the clerk against the defendant at the instance of the Attorney General.

Section 974 reads in this way:

"When judgment is rendered against the defendant in the prosecution for any 'fine or forfeiture' incurred under a statute of the United States, he shall

be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution."

Section 1014 of the Revised Statutes expressly provides that the hearing before a commissioner or other magistrate under that section shall be "at the expense of the United States." It seems clear that neither of these sections directly authorizes the costs of the hearing before the commissioner to be taxed against the defendant. The commissioner, of course, is not a court, and has no power to enter a judgment against a person brought before him upon a preliminary hearing, for any purpose. Todd v. United States, 158 U. S. 278, 15 Sup. Ct. 889, 39 L. Ed. 982. He can only inquire and determine whether or not there are reasonable grounds to hold the person to appear before the court having cognizance of the offense with which he is charged; and proceedings before the commissioner as an examining magistrate are not the commencement of a prosecution for the offense of which the person may be accused. Virgina v. Paul, 148 U. S. 107, 119, 13 Sup. Ct. 536, 37 L. Ed. 386.

The rule is familiar that costs can only be awarded by a court to a successful litigant when the statute clearly so authorizes; and they should not be so awarded upon a strained or technical construction of the statute. The amendment of sections 5399 and 5406 of the Revised Statutes by sections 135 and 136 of the Criminal Code, whereby were added the words, "or in any examination before a United States commissioner or officer acting as such," were obviously intended to meet the decision of the Supreme Court in Todd v. United States, 158 U. S. above; but such amendment does not constitute the commissioner a judge, or a court of the United States, nor render a preliminary examination before a commissioner a proceeding "in any court of the United States."

As well might it be claimed that the fees of witnesses before a grand jury and of the marshal in summoning them before that body, in case an indictment is found, shall be taxed as a part of the costs of the prosecution of the cause, in the event an indictment is found and the defendant convicted upon a plea of guilty or a trial thereof, as that these costs shall be taxed as a part of the costs of the prosecution of said cause, and this motion to tax "all costs of the prosecution" is broad enough to include such fees and costs; but apparently the government does not contend that such fees could rightly be so taxed. The opinion of Judge Trieber in United States v. Briebach, above, and the cases there cited, so clearly state the rule that seems to me correct that it is unnecessary to consider the matter further.

The motion to tax the costs of this preliminary hearing against the defendant is therefore denied; and it is so ordered.