## BEVINGTON v. UNITED STATES. *

Circuit Court of Appeals, Eighth Circuit.
October 12, 1929.

No. 8463.

R. B. Schuyler and Carlos W. Goltz, both of Sioux City, Iowa (Goltz, Schuyler & Brown and E. G. Smith, all of Sioux City, Iowa, on the brief), for appellant.

B. E. Rhinehart, U. S. Atty., of Anamosa, Iowa.

Before BOOTH, Circuit Judge, and SANBORN and DEWEY, District Judges.

SANBORN, District Judge. Marie Bevington entered a plea of guilty to the first count of an indictment charging sale of intoxicating liquor in violation of the National

*Rehearing denied December 6, 1929.

Prohibition Act (c. 85, 41 Stat. 305 [see 27 USCA]), with prior conviction. Her sentence was a fine of $323 and imprisonment in a county jail for 30 days.

The indictment against her originally contained two counts; the one to which she entered her plea; the other charging a nuisance and alleging two prior convictions. She made a motion to quash the indictment and to strike the reference to prior convictions contained in the second count, and to suppress evidence obtained under a search warrant. The motions to quash and to suppress were granted as to the second count, but denied as to the first. The search warrant had been procured upon an affidavit of a prohibition agent, setting forth a purchase of intoxicating liquor from her on July 26, 1928, and reciting that the affiant believed that the Internal Revenue Laws of the United States—naming them—were being violated. A search warrant was issued August 10, 1928. The search was made August 15, 1928, and resulted in finding one pint of alcohol, two ounces of colored moonshine whisky, and corks and empty bottles. The indictment, charging the violations of the National Prohibition Act (27 USCA), was returned October 17, 1928. The assignment of errors presents three questions:

(1) Was the trial court required to grant the motion to quash both counts of the indictment?

(2) Did the making and filing of the affidavit of the prohibition agent, asserting a violation of the Internal Revenue Laws, and the issuance of the search warrant thereon by the United States Commissioner, constitute an election on the part of the government to proceed against the defendant under such laws, and estop it from indicting for violation of the National Prohibition Act?

(3) Did the court have jurisdiction to pronounce sentence upon the plea of guilty to the first count of the indictment?

█ A sufficient answer to the first question is that a motion to quash is directed to the discretion of the trial court. Hill v. United States (C. C. A.) 15 F.(2d) 14.

█ A complete answer to the second question is that the procuring of a search warrant from a United States Commissioner is not, in any sense, the commencement of a prosecution. Such proceedings are merely inquisitorial in their nature, and may or may not result in a criminal prosecution, and are at best merely ancillary to a prosecution, if one takes place. 35 Cyc. p. 1265; Haworth v. Newell, 102 Iowa, 541, 547, 71 N. W. 404; Cole v. Curtis, 16 Minn. 182, 189, 190 (Gil.

161). In Virginia v. Paul, 148 U. S. 107, 119, 13 S. Ct. 536, 540, 37 L. Ed. 386, the court said:

"Proceedings before a magistrate to commit a person to jail, or to hold him to bail, in order to secure his appearance to answer for a crime or offense which the magistrate has no jurisdiction himself to try, before the court in which he may be prosecuted and tried, are but preliminary to the prosecution, and are no more a commencement of the prosecution than is an arrest by an officer without a warrant, for a felony committed in his presence."

See, also, United States v. Briebach (D. C.) 245 F. 204; United States v. Schwartz (D. C.) 249 F. 755. Certainly, if the proceedings before a United States commissioner to commit do not constitute the commencement of a prosecution, the filing of an affidavit by a prohibition agent and the issuance of a search warrant by the commissioner do not.

"The power and duty of the grand jury to investigate is original and complete, susceptible of being exercised upon its own motion and upon such knowledge as it may derive from any source which it may deem proper, and is not therefore dependent for its exertion upon the approval or disapproval of the court," and so is clearly not affected by any preliminary proceedings conducted by a prohibition agent or committing magistrate. United States v. Thompson, 251 U. S. 407, 413, 414, 40 S. Ct. 289, 292, 64 L. Ed. 333.

The question as to the jurisdiction of the District Court to pronounce sentence upon the plea of guilty was not raised in the court below. It is based upon the proposition that the Act of November 23, 1921 (42 Stat. 222 [see 27 USCA]), had the effect of repealing certain sections of the National Prohibition Act, including the section (27 USCA § 12) making it an offense to sell intoxicating liquor, because inconsistent therewith. To establish the unsoundness of the proposition, it is only necessary to quote from United States v. Stafoff, 260 U. S. 477, 479, 43 S. Ct. 197, 199, 67 L. Ed. 358:

"In United States v. Yuginovich, 256 U. S. 450 [41 S. Ct. 551, 65 L. Ed. 1043], it was decided that §§ 3281 and 3282 (Rev. Stat.) were repealed by the later law (National Prohibition Act), at least as to the production of liquor for beverage purposes. Since that decision and with reference to it, as appears from the House Report, No. 224, 67th Cong., 1st sess., and the debates, 61 Cong. Rec., Part. 3, pp. 3095, 3096, the Act Supplemental to the National Prohibition Act was passed. Act of November 23, 1921, c. 134, § 5, 42 Stat. 222, 223. By § 5 of this statute 'all laws in regard to the manufacture and taxation of and traffic in intoxicating liquor, and all penalties for violations of such laws that were in force when the National Prohibition Act was enacted, shall be and continue in force, as to both beverage and nonbeverage liquor, except such provisions of such laws as are directly in conflict with any provision of the National Prohibition Act or of this Act.' (But if an act violates both the former and the latter a conviction under one is a bar to prosecution under the other.) * * * The decision in United States v. Yuginovich must stand for the law before November 23, 1921."

The appellant has not pointed out what provision of the Internal Revenue Laws she claims is directly in conflict with the provision of the National Prohibition Act (27 USCA) under which she was indicted. If there is such a provision, under section 5 of the Supplemental Act (27 USCA § 3) it is not in force, and therefore repeals nothing. Assuming that the facts alleged in the first count of the indictment constitute also a violation of some provision of the Internal Revenue Laws, the appellant has the satisfaction of knowing that her plea and sentence will prevent any prosecution under such provision.

The judgment and sentence is affirmed.